NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-206

DAVID M. MATTHIS AND SANDRA G. MATTHIS
VERSUS
UNITED FIRE & CASUALTY COMPANY, ET AL.

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 208,870
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE

**********
BILLY H. EZELL
JUDGE

**********

Court composed of John D. Saunders, Jimmie C. Peters, and Billy H. Ezell, Judges.

APPEAL DISMISSED.

Russell L. Potter
Stafford, Stewart, & Potter
Post Office Box 1711
Alexandria, LA 71309
(318) 487-4910
COUNSEL FOR DEFENDANTS/APPELLEES:
	United Fire & Casualty Company
	Certain Underwriters at Lloyds, London

Gwenda Renee' Linzay Lamb
Attorney at Law
434 Dove Cove
Alexandria, LA 71303
(318) 448-1533
COUNSEL FOR PLAINTIFFS/APPELLANTS:
	David M. Matthis
	Sandra G. Matthis

**EZELL**, Judge.

The defendants-appellees, Certain Underwriters at Lloyds, London and United Fire & Casualty Company, move to dismiss the unlodged appeal filed on behalf of the plaintiffs-appellants, David M. Matthis and Sandra G. Matthis. Finding that the plaintiffs filed an appeal from a non-appealable, interlocutory ruling and that the motion for appeal was filed beyond the time within which to seek a return date for supervisory relief, we grant the motion and dismiss the appeal.

In the course of the litigation in the lower court, the trial court entered judgment on a motion to compel discovery. The plaintiffs filed a motion for an appeal from this judgment asserting that the trial court's judgment, though interlocutory, will result in irreparable injury being sustained by the plaintiffs. The trial court signed the order granting the appeal.

The defendants filed the instant motion to dismiss the plaintiffs' unlodged appeal arguing that the judgment appealed is a non-appealable, interlocutory order. Moreover, the defendants contend that the delays for seeking supervisory relief have now run, and therefore, the judgment should not be reviewed under this court's supervisory jurisdiction.

In their motion for appeal, the plaintiffs relied on La.Code Civ.P. art. 2083, stating that the trial court's judgment is appealable because it will result in irreparable injury. However, Article 2083 was amended by 2005 La. Acts No. 205, effective January 1, 2006. This statute now reads:

> A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.

B.   In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.

C.  An interlocutory judgment is appealable only when expressly provided by law.

Since the law does not expressly provide for an appeal from the trial court's ruling, we grant the defendants' motion and dismiss this appeal at plaintiffs' cost.

Furthermore, we find that the motion for appeal was filed beyond the time period for seeking a return date from the trial court for an application for supervisory writs.  Uniform Rules—Courts of Appeal, Rule 4–3. Accordingly, the plaintiffs are not entitled to an order from this court granting them time within which to apply for supervisory writs from the judgment appealed.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.